

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/12/2018

| | § | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **XTRALIGHT MANUFACTURING, LTD.** | § | Case No. 18-31857-H1-11 |
| Debtor. | § | |
| | § | |

### INTERIM ORDER GRANTING EMERGENCY MOTION OF XTRALIGHT MANUFACTURING, LTD., FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE TO OPERATE ITS CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND (B) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF

[Relates to Doc. No. __3__]

Upon consideration of *Emergency Motion of XtraLight Manufacturing, Ltd., For Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue to Operate Its Cash Management System and Maintain Existing Bank Accounts, And (B) Continue To Perform Intercompany Transactions, and (II) Granting Related Relief* (the "Motion"), filed by XtraLight Manufacturing, Ltd. ("XtraLight" or "Debtor"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) the relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, and other parties-in-interest; (iv) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary; (v) the relief granted in this Order is necessary to avoid immediate and irreparable harm to the estate; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is:

ORDERED that the Motion and all relief requested therein is GRANTED on an interim basis as set forth herein; and it is further

ORDERED that a final hearing on the Motion shall be held on May 3, 2018, at 2:00 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on May 1, 2018; it is further

ORDERED that the Debtor is authorized to continue using the Cash Management System and Intercompany System in the normal course of business to maintain business operations; and the Debtor shall maintain records of all such transfers of cash in a manner so that all transactions made pursuant to the authorization granted in this order can be readily ascertained; and it is further

ORDERED that the Debtor is authorized to maintain the Bank Accounts to deposit and receive in the account payments on accounts receivable and to allow the transfer of funds pursuant to the Cash Management System as more fully described in the Motion; and it is further

ORDERED that the Debtor is authorized to maintain such other depository and disbursement accounts as may be required or permitted by the Cash Management System or Intercompany System or in connection with other orders of this Court; and it is further

ORDERED that the Debtor may modify the Cash Management System or Intercompany System, as may be required by Orders of this Court, the Debtor's lender, or as the Debtor decides in its business judgment, in the ordinary course of business, without the need for further order of this Court; and it is further

ORDERED that any financial institution at which the Debtor may have an account or do business, may not set off any alleged pre-petition claims against any post-petition deposits made by the Debtor in any accounts maintained by the Debtor on a post-petition basis, except as authorized by this Court; and it is further

ORDERED that the Debtor is granted a lien on all accounts receivable of Jerry Caroom, DBA Xtralight Services to the extent of the net amount of any unreimbursed advances made by the Debtor to Mr. Caroom on or after April 11, 2018; and it is further

ORDERED that the Debtor is granted a lien on all rents payable to Cay Capital, LLC, to the extent of any unreimbursed advances made by the Debtor to Cay Capital, LLC on or after April 11, 2018; and it is further

ORDERED that the Debtor is authorized to continue paying monthly fees and service charges with respect to the Bank Accounts in the ordinary course of business, including any portion of such fees attributable to prepetition services; and it is further

ORDERED that the Debtor is authorized to continue to use the Debtor's existing business forms and to maintain its existing business records; and it is further

ORDERED that Debtor is hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order; and it is further

ORDERED that compliance with 11 U.S.C. § 345 is waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____4-12-18_____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE