## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-31857 |
| | * | |
| XTRALIGHT MANUFACTURING, LTD., | * | CHAPTER 11 |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |

**********************************************\*********************************************

## NON-MATERIAL MODIFICATION TO
## DEBTOR'S PLAN OF REORGANIZATION
## DATED AUGUST 28, 2018 [DOC NO 147]
## AND RELATED DISCLOSURE STATEMENT [DOC NO 146]

Pursuant to Sections 1127(a) and 1127(c) of the Bankruptcy Code, XtraLight Manufacturing, Ltd. ("**Debtor**") hereby modifies XtraLight's Plan of Reorganization dated August 28, 2018 [Doc No 147] (the "**Plan**") and related Disclosure Statement [Doc No 146] as follows:

### 1.

Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

### 2.

(A)     The Chart on pages 2 and 3 of the Plan is hereby amended to revise the description of Class 1 as follows:

| Class | Type of Claim or Equity Interest | Approx. Allowed Claims or Interests | Treatment of Claims or Interests | Percentage Recovery under Plan |
|---|---|---|---|---|
| 1 | Secured, Superpriority & Administrative Expense Priority | $5,000,000 | Compass Bank's Allowed Class 1 Claim will be paid in full on the Effective Date; on the Effective Date, Texas Capital Bank will purchase Compass's debt and all interests therein. No distributions | 100% |

| | | | will be made directly from XtraLight to Compass Bank. | |
|---|---|---|---|---|

(B)     Article II of the Plan is hereby amended as follows:

(1)     The definition of "Allowed Claim" or "Allowed Interest" is amended and restated in its entirety to read as follows:

2.1.3 "**Allowed Claim**" or "**Allowed Interest**" shall mean a Claim or Interest (a) in respect of which a proof of claim or application has been filed with the Court within the applicable period of limitations fixed by Bankruptcy Rule 3001 or, by order of this Court, (b) scheduled in the list of Creditors prepared and filed with the Bankruptcy Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or liquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitations fixed by Bankruptcy Rule 3001 or an order of the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.; provided, however, that the Class 1 Claim of Compass is deemed an Allowed Claim, including, without limitation, an Allowed Secured Claim, an Superpriority Claim and an Allowed Administrative Claim.

(2)     The definition of "Disputed Claim" is amended to insert in the second line thereof, after the words "any Claim," the phrase "other than Compass's Class 1 Claim," so as to read in its entirety as follows:

2.1.26     "**Disputed Claim**" shall mean that portion (including, where appropriate, the whole) of any Claim other than Compass's Class 1 Claim that (a) is listed in XtraLight's schedules of liabilities as disputed, contingent, or unliquidated; (b) is listed in XtraLight's schedules of liabilities and as to which a proof of claim has been filed with the Bankruptcy Court, to the extent the proof of claim exceeds the scheduled amount; (c) is not listed in a XtraLight's schedules of liabilities, but as to which a proof of claim has been filed with the Bankruptcy Court; or (d) as to which an objection to a proof of claim has been filed and has not become an Allowed Claim.

(3)     The definition of "Effective Date" is hereby amended and restated in its entirety to read as follows:

2.1.27 "**Effective Date**" shall mean the date on or before September 27, 2018 when the Exit Facility has been finalized, Compass's Class I Claim

has been satisfied in full, and TCB has acquired all of the Obligations Owed to Compass, which will occur only after the Confirmation Order becomes a Final Order and the Bankruptcy Court closes or administratively closes the Bankruptcy Case. Compass agrees that the DIP Facility shall remain in place upon its terms and conditions until the earlier of (a) September 27, 2018 or (b) the Effective Date.

(4)     The definition of "Exit Facility" is hereby amended and restated in its entirety to read as follows:

2.1.30 "**Exit Facility**" shall mean the financing provided to XtraLight by TCB, including the purchase by TCB of all of Compass's loans to XtraLight (including but not limited to the DIP Revolving Credit Facility), Jerry Caroom, and Cay Capital, LLC, as well as any additional funding TCB may provide to Reorganized XtraLight.

(5)     The definition of "Exit Facility Documents" is hereby amended and restated in its entirety to read as follows:

2.1.31 "**Exit Facility Documents**" shall mean any and all documents TCB will require XtraLight or Reorganized XtraLight to execute to consummate the Exit Facility; provided that the assignment documents (the "**Compass Assignment Documents**") related to the purchase by TCB of all of Compass's loans to XtraLight (including but not limited to the DIP Revolving Credit Facility), Jerry Caroom, and Cay Capital, LLC, shall be in form and substance acceptable to Compass in its sole discretion.

(6)     A new definition of "Superpriority Claim" is hereby added at 2.1.49 as follows:

2.1.49. "**Superpriority Claim**" shall mean that portion of Compass's Allowed Class 1 Claim that is entitled to superpriority under Section 364(c)(1) of the Bankruptcy Code and the Bankruptcy Court's orders at Doc Nos. 106 and 115, as amended from time to time.

(C)     Article III of the Plan is amended as follows:

(1)     Section 3.2 of the Plan is hereby modified to insert at the beginning thereof the phrase, "Except for Compass Bank,".

(2)     Section 3.4 of the Plan is hereby modified to insert at the beginning thereof the phrase, "Except for Compass Bank,".

(D)     Article IV of the Plan is amended to restate Section 4.1 in its entirety as follows:

4.1     Class 1 Allowed Secured, Superpriority and Administrative Claim of Compass.

4.1.1   XtraLight, Jerry H Caroom, individually and d/b/a X-tra Light Services ("**Caroom,**" and together with XtraLight, the "**Borrowers**") and Compass are parties to, among other things, the following agreements:

(1)    that certain Master Loan Agreement executed by Borrowers and Compass, dated as of April 23, 2010, as amended, restated, supplemented or otherwise modified from time to time, including, without limitation, by the following (collectively, the "**Master Loan Agreement**");

(2)    that certain First Amendment to Loan Agreement executed by Borrowers and Compass, dated as of August 31, 2011;

(3)    that certain Second Amendment to Loan Agreement executed by Borrowers and Compass, dated as of October 26, 2011;

(4)    that certain Third Amendment to Loan Agreement executed by Borrowers and Compass,  dated as of March 14, 2012;

(5)    that certain Fourth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of October 24, 2012;

(6)    that certain Fifth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of April 3, 2013;

(7)    that certain Sixth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of August 31, 2013;

(8)    that certain Seventh Amendment to Loan Agreement executed by Borrowers and Compass, dated as of July 1, 2014;

(9)    that certain Eighth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of August 29, 2015;

(10)    that certain Ninth Amendment to Loan Agreement executed by Borrowers and Compass, dated on or about November 6, 2015;

(11)    that certain Tenth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of June 30, 2016;

(12)    that certain Eleventh Amendment to Loan Agreement executed by Borrowers and Compass, dated as of August 29, 2017;

(13)    that certain Twelfth Amendment to Loan Agreement executed by Borrowers and Compass, dated as of December 31, 2017; and

(14)    that certain Debtor in Possession Financing Agreement and Amendment to Master Loan Agreement dated as of June 1, 2018.[1]

Pursuant to the Master Loan Agreement, Compass agreed to make certain loans to Borrowers as evidenced by, among other Notes, the following:

(1)    that certain Promissory Note (Consolidated Revolving Note) dated July 1, 2014, in the original principal amount of $6,000,000.00 that was executed by Borrowers and is made payable to the order of Compass (the "**Revolving Note**");

(2)    that certain Advancing Term Note dated December 21, 2017, in the original principal amount of $500,000.00 that was executed by Borrower and is made payable to the order of Compass (the "**Advancing Term Note**"); and

(3)    that certain Term Note D dated November 6, 2015, in the original principal amount of $1,000,000 that was executed by Borrowers and is made payable to the order of Compass ("**Term Note D**").

Borrower's Obligations (as defined in the Master Loan Agreement) to Compass under the Master Loan Agreement and other Loan Documents (as defined in the Master Loan Agreement) are secured by:

(4)    the liens and security interests that XtraLight granted to Compass pursuant to a certain Security Agreement executed by XtraLight in favor of Compass, dated as of April 23, 2010, as amended by that certain Amendment to Security Agreement dated as of October 24, 2012 (collectively, the "**XtraLight Security Agreement**");

(5)    The liens and security interests granted thereunder pursuant to a certain Security Agreement executed by Caroom in favor of Compass, dated as of April 23, 2010, as amended by that certain Amendment to Security Agreement dated as of October 24, 2012 (collectively, the "**Caroom Security Agreement**");

(6)    the pledge of real and personal property under that certain Cross Collateralization Deed of Trust (with Security Agreement and Assignment of Rents and Leases) executed by Cay Capital, L.L.C. ("**Cay Capital**"), an entity owned and controlled by Caroom;

---

[1] As authorized by this Court's Final Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364 And 507 (1) Approving Post-Petition Financing; (2) Authorizing Use of Cash Collateral; (3) Granting Liens, and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, and (5) Modifying Automatic Stay [Doc. No. 106] entered on June 28, 2018, as amended (the "**Final DIP Financing Order**")

(7)     the liens and security interests that Cay Capital granted to Compass pursuant to a certain Security Agreement executed by Cay Capital in favor of Compass, dated as of October 24, 2012 (the "**Cay Capital Security Agreement**"); and

(8)     the guaranty by Caroom of XtraLight's Obligations to Compass pursuant to that certain Guaranty agreement dated as of April 23, 2010 (the "**Caroom Guaranty**"). Mr. Caroom's obligations to Compass under the Caroom Guaranty are also secured by the Caroom Security Agreement.

XtraLight agrees that as of the Petition Date, XtraLight was indebted to Compass in the aggregate outstanding principal amount of $4,776,669.63:

(a)     $4,100,813.55 under the Revolving Note;

(b)     $481,411.70 under that certain Advancing Term Note; and

(c)     $194,444.38 under that certain Term Note D,

PLUS all advances, interest, fees, expenses, reasonable attorneys' fees and costs that continues to accrue on the Revolving Note, Advancing Term Note and Term Note D and any other Notes after the Petition Date (which interest is based upon the rates of interest provided in the Loan Documents, and the Interim and Final DIP Financing Orders and related amendments thereto, other orders and documents), and all advances, interest, fees, expenses, attorneys' fees and costs that arise under the Loan Documents that have accrued thereon as of the Petition Date, and that continue to accrue thereafter.

XtraLight further agrees that in accordance with the Final DIP Financing Order:

(a)     Compass has advanced certain amounts under the Revolving Credit Facility, XtraLight has utilized Compass's Cash Collateral (as that term is defined in the Final DIP Financing Order) to repay certain amounts under the Revolving Credit Facility, the Advancing Term Note, and Term Note D; and

(b)     Compass has certain pre-petition and post-petition secured claims, encumbrances and liens and super-priority administrative expense claims against XtraLight's estate.

Compass shall retain all of the security interests, mortgages, deeds of trust, assignments, liens, encumbrances, and all other forms of security that

secure the obligation owed to Compass by XtraLight, Caroom, and Cay Capital (the "**Obligations Owed To Compass**"). Each of XtraLight, Caroom, and Cay Capital shall execute any and all documents and agreements, including, but not limited to, the Compass Assignment Documents, determined by Compass to be necessary to effectuate the treatment proposed under the Plan, and entry of the Order Confirming Plan, which documents and agreements and final Order Confirming Plan shall be in form and substance consistent with the terms hereof and acceptable to Compass and Debtor.

The loan documents (the "**Compass Loan Documents**") associated with the Obligations Owed To Compass shall control Compass' rights in the event of a conflict between any provision contained in such documents and the Plan. Notwithstanding anything contained in the Plan or the Disclosure Statement to the contrary (including, without limitation, Sections 6.8 and 6.9 of Article VI, and Articles VIII and XIII, of the Plan and certain disclosures set out in the Disclosure Statement which are addressed in Section XV hereof):

(a)     All makers, endorsers and guarantors of, and all of the general and limited partners of each of XtraLight, Caroom, and Cay Capital liable or obligated for, any Obligations Owed to Compass shall remain responsible for such obligations after confirmation of the Plan;

(2)     No third party, including, without limitation, the guarantors and the general and limited partners of XtraLight, Caroom, or Cay Capital shall be discharged from their obligations to Compass;

(3)     All of the Obligations Owed To Compass as evidenced by the Compass Loan Documents shall remain secured by the collateral identified therein and shall be subject to the terms and conditions set forth in the Compass Loan Documents;

(4)     Each of XtraLight, Caroom, and Cay Capital unconditionally recognizes and agrees that (i) the confirmation of the Plan and the Confirmation Order shall not constitute a novation of the Obligations Owed To Compass or any of the obligations, terms or conditions set forth in the Compass Loan Documents, (ii) the Obligations Owed To Compass continue to be owed by XtraLight, Caroom, and Cay Capital, as the case may be, to Compass, and continue to be guaranteed on a joint, several, and solidary basis under the guarantors' guaranty, and remain the obligations (if any) of the general and limited partners of XtraLight, Caroom, and Cay Capital, and (iii) the Obligations Owed To Compass shall remain outstanding and in full force and effect; and

(5) No provision of XtraLight's partnership documents or the Plan shall in any manner or way affect any of the obligations or liability of any guarantor or any partner of XtraLight, Caroom, or Cay Capital to Compass.

4.1.2 <u>Treatment</u>. Compass's Allowed Class 1 Claim shall be satisfied in full as to all Borrowers and guarantors by Compass's assignment to TCB of all of the Obligations Owed to Compass. On the Effective Date, (i) as provided in the Exit Facility and the Compass Assignment Documents, all obligations of the Debtor, Caroom and Cay Capital to Compass, and all liens and security interests securing those obligations, shall be assigned by Compass to TCB, and Reorganized XtraLight, Caroom, and Cay Capital shall reaffirm those obligations, liens, security interests; and (ii) all of the obligations of Compass to the Debtor, the Borrowers, Caroom and Cay Capital, shall terminate. In addition, as of the confirmation of the Plan, the Plan shall operate as a release by each of XtraLight, Caroom, and Cay Capital of Compass, and all of its past, present and future parents, subsidiaries, affiliates, officers, directors, managers, shareholders, members, agents, employees, representatives, consultants, insurers, attorneys, fiduciaries, servants, predecessors, successors, heirs and assigns (individually, collectively, and interchangeably, the "**Released Assignor Parties**"), of and from any and all claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses, of every type, kind, nature, description or character, that XtraLight, Caroom, and/or Cay Capital, or either or any combination of them or their respective predecessors, have ever had, may now have, or hereafter can, shall or may have against the Released Assignor Parties (collectively, the "**Claims Against Assignor**").

In connection with the foregoing releases, each of XtraLight, Caroom, and Cay Capital hereby agrees, represents and warrants that they each realize and acknowledge that factual matters now unknown to each of them may have given or may hereafter give rise to claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and they each further agree, represent and warrant that this release has been negotiated and agreed upon in light of that realization and that they each nevertheless hereby intend to release, discharge and acquit the Released Assignor Parties from any such unknown claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action,

debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses which are in any way connected or associated with or related to the Claims Against Assignor.

4.1.3   <u>Impairment</u>.  The Class 1 Claim is impaired and Compass consents to its treatment herein.

(E)     Article V of the Plan is hereby amended and restated in its entirety to read as follows:

The Class 1 Claim of Compass is impaired.  Allowed Class 2 and Class 3 are unimpaired under the Plan.  Accordingly they are conclusively presumed to have accepted the Plan under Bankruptcy Code Section 1126(g), and therefore, are not entitled to vote to accept or reject the Plan. Allowed Class 4 Claims and Class 5 Interest are impaired under the Plan and are entitled to vote to accept or reject the Plan.

(F)     Section 6.17 of the Plan is amended to add a new sentence to the end thereof as follows: "The second sentence of this Section 6.17 shall not apply to documents required to be executed by, or associated with, the Claims of Compass."

(G)     Section 6.9 of the Plan shall only protect a Disbursing Agent that is not XtraLight, Caroom, or Cay Capital.

(H)     Article VII of the Plan is amended as follows:

(1)     Section 7.5 is amended to add at the end thereof the following, "; provided, however, that no objection shall be filed to any portion of the Class 1 Secured, Superpriority and Administrative Priority Claim of Compass, and no person or entity, including, but not limited to, Reorganized XtraLight and/or the Disbursing Agent, shall assert, file, or threatened to bring any Avoidance Actions or any other action against Compass.

(2)     to add a new Section 7.6 as follows:

7.6 <u>Class 1 Secured, Superpriority and Adminstrative Claim Allowed in Full</u>. The Class 1 Secured, Superpriority and Administrative Claim of Compass is hereby allowed in full.  No objection to the Class 1 Secured, Superpriority and Administrative Claim of Compass shall be filed, including, without limitation, pursuant to Section 7.3 or 7.4 f the Plan, or shall be otherwise recognized.

(I)     Section 8.2 of the Plan is hereby amended to add to the end thereof the following: "provided, however, that the foregoing shall not prevent Compass from taking any action or exercising any rights or remedies it is otherwise entitled to take under the Compass

Loan Documents, any of the notes, security agreements, or guarantees referred to in Section 4.1.1 hereof, or the Final DIP Financing Order."

(J)     Section 11.4 of the Plan is amended as follows:

       (1)    in the second line thereof, there is inserted after "Plan:" and before "(i)" the phrase, "on or before September 27, 2018"; and

       (2)    in part (iii) thereof, the reference to "the DIP Revolving Credit Facility" is replaced with a reference to "all of Compass's loans to XtraLight, Caroom, and Cay Capital, and all related liens and security interests."

(K)     Article XIII of the Plan is amended as follows:

     (1)    Section 13.7 is amended to add the following to the end thereof: "Notwithstanding the foregoing, each of XtraLight, Caroom and Cay Capital agree that none of them has any setoff right against Compass."

     (2)    Section 13.8 is amended to add a new part 13.8.3 as follows:

13.8.3  Compass Bank and all of its past, present and future parents, subsidiaries, affiliates, officers, directors, managers, shareholders, members, agents, employees, representatives, consultants, insurers, attorneys, fiduciaries, servants, predecessors, successors, heirs and assigns.

     (3)    Section 13.9 is amended to add the following to the end thereof: "Neither the proviso to the first sentence nor the second sentence of this Section 13.9 shall apply to Compass."

     (4)    Section 13.10 is amended to add the following to the end thereof: "This Section 13.10 shall not apply to Compass."

     (5)    Section 13.13 is restated in its entirety as follows:

13.13  Except as otherwise provided in the Plan, or in the Final DIP Financing Order with respect to Compass, the stay provided for in this case pursuant to Bankruptcy Code Section 362 shall remain in full force and effect until the Effective Date.

(L)     Article XIV of the Plan is amended as follows:

     (1)    Section 14.1 of the Plan is amended to insert in the first sentence thereof the words, "of XtraLight" after the words "all actions and transactions".

     (2)    Section 14.2 is amended to add a sentence to the end thereof as follows: "Notwithstanding the foregoing, Compass shall not be compelled to execute or deliver any

document that is not satisfactory to it, in its sole discretion, and no party shall have any right to act of Compass's behalf."

(3)    The first sentence of Section 14.3 of the Plan is restated as follows: "This Plan, together with the Compass Loan Documents and the Final DIP Financing Order as it relates to Compass's rights against the Borrowers and Cay Capital, is a complete, whole, and integrated statement of the binding agreement between XtraLight, Creditors, Equity Interests and the parties-in-interest upon the matters herein.

(4)    Section 14.6 is amended to add the following to the end thereof: "This Section 14.6 shall not apply to Compass."

(5)    Section 14.8 of the Plan is restated in its entirety as follows:

14.8 <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents and instruments executed pursuant to or in connection with the Plan or the Chapter 11 Case; provided however, that the choice of law rules adopted in the Compass Loan Documents and the Compass Assignment Documents shall govern the construction of those agreements, instruments, and documents and any disputes related thereto.

(M)    The Treatment of Class 3 is hereby amended from "Except to the extent that the holder of an Allowed General Unsecured Claim and XtraLight agree to different treatment, the holders of each Allowed Class 3 Claim shall receive 100% of their payable within 30 days of the Effective Date of the Plan." to "Except to the extent that the holder of an Allowed General Unsecured Claim and XtraLight agree to different treatment, the holders of each Allowed Class 3 Claim shall receive 100% of their payable upon the Effective Date of the Plan and the Debtor shall be deemed in default if the claim is not paid within 90 days of the Effective Date."

(N)    **Exhibit A** to the Plan showing the rejected contracts is also attached hereto.

(O)    A new Article XV is added to the Plan as follows:

**ARTICLE XV**
**DISCLOSURE STATEMENT**

15.1    Only the Plan and the Confirmation Order establish the treatment of claims against and interests in the Debtor. The Disclosure Statement does not constitute, and shall not be deemed to constitute, an admission of any fact or liability by any party, or be admissible in any proceeding involving the Debtor or any other party, or be deemed conclusive evidence of the legal effects of the Plan on the Debtor, Caroom, Cay Capital, or holders of claims against or interests in the Debtor.

15.2    The Disclosure Statement summarizes this Plan's terms as well as the terms of certain agreements, including the Compass Assignment Documents, but does not purport to be a complete description of those terms or agreements. The Disclosure Statement is subject to, and is qualified in its entirety by, reference to the Plan's full text and the full text of the agreements that the Plan summarizes, including the definitions of terms contained in them. Notwithstanding the foregoing, the following comments are meant to clarify certain inconsistencies in the Plan's treatment of certain items and the Disclosure Statement's description of them:

a.       the fourth paragraph of Article I, Part A, and Article IV, Part E.6 (Compass's Claims will not be discharged but rather will be assigned to TCB in connection with the Exit Facility);

b.       the fourth and last paragraphs of Article I, Part F (a portion of Compass's Class I Claim is entitled to be recognized as a Secured Claim, Superpriority Claim and a portion is entitled to Administrative Claim);

c.       Article III, Parts A, B and C (portions of Compass's Class I Claim are entitled to Administrative status, but the description of how Administrative Claims will be paid, as set forth in this Part, do not apply to Compass and Compass's Class I Claim is entitled to be recognized as a Secured Claim, Superpriority Claim and a portion is entitled to Administrative Claim);

d.       Article III, Parts D. 1, 3, 4, 5 and 6 (The amounts paid in connection with Compass's Class 1 Claim will not satisfy or settle in full its Claim, under the Plan Compass's Claim is deemed Allowed and thus not be subject to any post-confirmation objection or disallowance and all claims of against Compass are being released and discharged).

e.       Article IV, Part A.2 ((i) pursuant to the Plan, on the Effective Date TCB will provide the Exit Facility and will purchase all of Compass's claims against not only XtraLight, but also against Caroom and Cay Capital, L.LC.; (ii) notwithstanding the fifth bullet point on page 21, on the Effective Date Compass will assign to TCB all of the liens and security interests securing Compass's claims against XtraLight, Caroom, and Cay Capital, L.L.C., and (iii) none of the Compass's security interests, liens, mortgages, deeds of trust or encumbrances shall be discharged or released);

f.       Article IV, Parts D.1 and D.2; Article VI, Part D (the Plan provides that XtraLight, Caroom and Cay Capital will release Compass and its related parties from all of the claims described in these parts of the First Amended Disclosure Statement; these claims will not be reserved as against Compass);

g.       Article IV, Parts E.2, E.4, and E.6 (pursuant to the Plan, it is a condition to the occurrence of the Effective Date that TCB will have purchased all of Compass's claims against not only XtraLight, but also against Caroom and Cay

Capital, L.LC. and such condition may not be waived; moreover, the obligations owed to Compass will not be discharged);

h.      Article IV, Part E.9 (the Plan includes similarly broad releases of Compass, which are not described here or elsewhere in the First Amended Disclosure Statement);

i.      Article V, Parts A, D.4, and E (Compass asserts that its Class I Claim is impaired and entitled to vote); and

j.      Article V, Part B (does not apply to Compass).

k.      The attached **Exhibit B** modifies the Exhibit B claims analysis of the Amended Disclosure Statement.

Respectfully submitted this 11th day of September 2018.

XTRALIGHT MANUFACTURING, LTD.

      /s/Jerry Caroom, with permission of DCB

By:_____

      Jerry H. Caroom
      President and Manager of XLM Management, LLC,
      the Debtor's General Partner

HOOVER SLOVACEK, LLP
Deirdre Carey Brown
State Bar No. 24049116
brown@hooverslovacek.com
Melissa A. Haselden
State Bar No. 00794778
haselden@hooverslovacek.com
Vianey Garza
State Bar No. 24083057
garza@hooverslovacek.com
5051 Westheimer, Suite 1200
Houston, Texas 77056
713-977-8686
ATTORNEYS FOR DEBTOR

**EXHIBIT A**

**PLAN OF REORGANIZATION**

**EXECUTORY CONTRACTS**

All executory contracts shall be deemed assumed, except the following contracts shall be deemed rejected: 1) Engagement Letter for Formation and Administration of a Captive Insurance Program with The Feldman Law Firm LLP dated November 11, 2011; 2) Contract with Capstone Associated Services, Ltd.; and, 3) insurance policies and/or contracts with Illumination Casualty Corp. to the extent deemed executory contracts.

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULLED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | ALIEF ISD TAX ASSESSOR/COLLECTOR | CU | Secured | 0.00 | 12 | 6/7/2018 | | 237.59 | 237.59 | 2018 Accrued Personal Property Taxes - Inventory maintained at GI Circuits, 10850 W Wilcrest Dr., Houston, Texas |
| 2.2 | AMADA AMERICA INC | D | Secured | 0.00 | | | | | 0.00 | UCC LIEN - One  Amada NC Laser Cutting Machine, Model LCG3015AJ-3K Paid in Full. Lien has not been terminated. |
| 2.3 | BBVA COMPASS BANK | | Secured | 4,300,000.00 | 22 | 8/20/2018 | SECURED | 4,776,669.63 | 4,100,813.55 | Cross Collateralized Loan - Assets of Debtor; Proof of Claim filed as to Revolving Note, Advancing Term Note, and Term Note D.  The amount listed is the principal amount for each note plus all interest, fees, expenses, attorneys' fees and costs. Interest in based upon the rates of interested producted in Loan Documents, Interim and Final DIP Financing Orders. |
| 2.4 | BBVA COMPASS BANK | | Secured | 481,412.00 | 22 | 8/20/2018 | SECURED | 4,776,669.63 | 481,411.70 | Equipment Note E - Laser Cutter |
| 2.5 | BBVA COMPASS BANK | | Secured | 250,000.00 | 22 | 8/20/2018 | SECURED | 4,776,669.63 | 194,444.38 | Equipment Note D - Manufacturing Equipment |
| | CITY OF HOUSTON | | Secured | | 13, As Amended | 8/7/2018 | SECURED | 16,091.05 | 16,091.05 | Estimated 2014 Personal Property Taxes |
| 2.6 | CRESTRON ELECTRONICS INC | CUD | Secured | 0.00 | | | | | 0.00 | UCC Lien - Electronic goods and merchandise bearing Crestron trademark |
| 2.7 | HARRIS COUNTY, ET AL | CU | Secured | 22,000.00 | 2 | 4/24/2018 | SECURED | 18,439.79 | 18,439.79 | 2018 Accrued Real (Leasehold) and Personal Property Taxes - Real and personal property located at 8812 Frey Road, Houston, Texas.  *All local taxes combined |
| 2.8 | ORBIAN FINANCIAL SERVICES II LLC | CU | Secured | Unk | | | | | Unk | UCC LIEN - Accounts or  A/R owed to Debtor by Siemens Industry Inc. |
| 2.9 | PASADENA ISD TAX ASSESSOR/COLLECTOR | CU | Secured | 0.00 | | | | | 0.00 | 2018 Accrued Real (Leasehold) and Personal Property Taxes - Real and personal property located at 8812 Frey Road, Houston, Texas. *See Item 2.7 |
| | | | TOTAL: | 5,053,412.00 | | | | | 4,811,438.06 | |

EXHIBIT B  - CLAIMS ANALYSIS
AMENDED DISCLOSURE STATEMENT

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED CLAIMED AMOUNT | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | CU | Priority | Unknown | 25 | 9/4/2018 | Priority and Unsecured | 72,664.71 | 66,580.16 | 6,084.55 | Franchise Tax Ch. 171; Priority $66,580.16 under 507(a)(8). Net tax of $62,127.40 plus interest of $4,452.76. $6,084.55 is an unsecured claim for penalties. For tax years 15, 16, 17 and estimated for 18. |
| | CONSOLIDATION NEW ENERGY INC fka CONEDISON SOLUTIONS | | | | 19 | 8/16/2018 | Administrative/ Priority and Unsecured | 628.89 | 566.59 | 62.30 | 503(b)(9) claim in the amount of $566.49; $62.40 as unsecured, pursuant to he electricity sales agreement. |
| | | | TOTAL: | | | | | 73,293.60 | 67,146.75 | 6,146.85 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | A & C PLASTICS | | Unsecured | 5,607.00 | 3 | 4/27/2018 | Unsecured | 6,920.00 | 6,920.00 | Includes $1,313 on April 11 Purchase Order. |
| 3.2 | A.A.G. STUCCHI NORTH AMERICA | | Unsecured | 2,652.00 | | | | | 2,652.00 | |
| 3.4 | ABATIX CORP. | | Unsecured | 0.00 | | | | | 0.00 | $297.73 paid in full prior to filing. |
| 3.5 | AETCH LLC | | Unsecured | 13,200.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.6 | ALKOTE INC. | | Unsecured | 2,445.04 | | | | | 2,445.04 | |
| 3.7 | ALL AMERICAN GASKET | | Unsecured | 2,800.19 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.8 | ALLIED ELECTRONICS INC. | | Unsecured | 143.99 | 8 | 5/21/2018 | Unsecured | 184.46 | 184.46 | |
| 3.9 | ALMECO USA | | Unsecured | 41,527.76 | | | | | 41,527.76 | |
| 3.10 | ALP | | Unsecured | 1,730.70 | | | | | 1,730.70 | |
| 3.11 | AMADA AMERICA INC | | Unsecured | 301.83 | | | | | 301.83 | |
| 3.13 | ANDY'S EXPRESS CO. | | Unsecured | 262.93 | | | | | 262.93 | |
| 3.15 | ARIES FREIGHT SYSTEMS | | Unsecured | 17,672.15 | | | | | 17,672.15 | |
| 3.16 | ARROW ELECTRONICS | | Unsecured | 11,010.00 | 1 | 4/18/2018 | Unsecured | 25,946.53 | 25,946.53 | 4/17/18 Reclamation Claim for $15,410.92. |
| | ATMOS ENERGY CORP | | | | 11 | 5/30/2018 | Unsecured | 53.57 | 53.57 | |
| 3.17 | BA LIGHTING LLC | | Unsecured | 1,649.89 | | | | | 1,649.89 | |
| 3.18 | BADGER METER | | Unsecured | 2,652.87 | | | | | 2,652.87 | |
| 3.19 | BEST LIGHTING PRODUCTS | | Unsecured | 6,989.72 | 10 | 5/29/2018 | Unsecured | 6,956.11 | 6,956.11 | |
| 3.20 | BLACKLAND PRECISION HARDWARE | | Unsecured | 3,546.42 | | | | | 3,546.42 | |
| 3.21 | BOYD'S CAR CARE | | Unsecured | 1,943.68 | | | | | 1,943.68 | |
| 3.22 | BR WELDING SUPPLY, LLC | | Unsecured | 166.67 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.23 | BRIGHT VIEW TECHNOLOGIES CORP | | Unsecured | 233.13 | | | | | 233.13 | |
| 3.24 | BRIOS MEDIA | | Unsecured | 10,000.00 | | | | | 10,000.00 | |
| 3.25 | CASNER & EDWARDS | | Unsecured | 59,143.02 | 4, as Amended by 14 | 4/27/2018 | Unsecured | 66,698.96 | 66,698.96 | Includes $207.64 in interest; POC 14 amends POC #4, which includes post-petition invoice totaling $3,998.45. |
| 3.27 | CERASIS INC | | Unsecured | 142.69 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.29 | CHRIS LYON | | Unsecured | 112.00 | | | | | 112.00 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 3.31 | CITY OF HOUSTON ARA | | Unsecured | 142.53 | | | | | 142.53 | |
| 3.32 | CL ALLOYS | | Unsecured | 1,112.40 | | | | | 1,112.40 | |
| 3.33 | COBURN'S WHOLESALE DISTRIBUTORS | | Unsecured | 15,334.84 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.34 | CONSOLIDATED METAL PRODUCTS | | Unsecured | 14,369.70 | | | | | 14,369.70 | |
| 3.35 | CONSOLIDATED PIPE AND SUPPLY | | Unsecured | 9,198.67 | | | | | 4,385.93 | Claim was paid $4,812.74 pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| | CONSOLIDATION NEW ENERGY INC fka CONEDISON SOLUTIONS | | | | 19 | 8/18/2018 | | 628.89 | 62.40 | 503(b)(9) claim in the amount of $566.49; $62.40 as unsecured, pursuant to he electricity sales agreement. See Priority Claims. |
| 3.36 | CORE & MAIN | | Unsecured | 3,544.70 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.37 | CORPORATE UNICORN LIMITED | | Unsecured | 53,874.80 | | | | | 53,874.80 | |
| 3.38 | COUGAR PALLET INC | | Unsecured | 4,900.00 | | | | | 4,900.00 | |
| 3.39 | CPI ONE POINT | | Unsecured | 156.75 | | | | | 156.75 | |
| 3.40 | CRITICAL COMPONENTS | | Unsecured | 1,055.83 | | | | | 1,055.83 | |
| 3.41 | CRYSTAL SPRINGS | | Unsecured | 57.94 | | | | | 57.94 | |
| 3.42 | CUSTOM ALUMINUM PRODUCTS,INC. | | Unsecured | 0.00 | | | | | 0.00 | $8,699.87 was paid in full prior to the filing. |
| 3.43 | D. B. ROBERTS | | Unsecured | 1,386.92 | 9 | 5/25/2018 | Unsecured | 1,667.88 | 1,667.88 | Includes $280.96 of potential post-petition invoice amounts, dated 4/18 and 5/9/18. |
| 3.45 | DAYLIGHT TRANSPORT, LLC. | | Unsecured | 1,739.82 | | | | | 1,739.82 | |
| 3.46 | DEL'S PLATING WORKS | | Unsecured | 272.00 | | | | | 272.00 | |
| 3.48 | DHL EXPRESS - USA | | Unsecured | 71.09 | | | | | 71.09 | |
| 3.50 | DIGI-KEY CORPORATION | | Unsecured | 4,527.69 | | | | | 4,527.69 | |
| 3.51 | DOW GOLUB REMELS | | Unsecured | 1,610.00 | | | | | 1,610.00 | |
| 3.53 | ELASTOTECH SOUTHWEST INC | | Unsecured | 108.12 | | | | | 108.12 | |
| 3.54 | ENCAPSULITE | | Unsecured | 271.00 | | | | | 271.00 | |
| 3.55 | ENGINEERED PRODUCTS CO. | | Unsecured | 0.00 | | | | | 0.00 | Was ($21.58) - was incorrectly scheduled as $21.58. |
| 3.56 | ESPEN TECHNOLOGY | | Unsecured | 83,136.50 | | | | | 83,136.50 | |
| 3.57 | ESQUIRE WIRE INC. | | Unsecured | 874.02 | | | | | 874.02 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| | EULER HERMES N.A. INSURANCE CO. AGENT OF FLACK STEEL LLC CLAIM ID 000420504 | | | | 26 | 9/5/2018 | Unsecured | 15,609.41 | 15,609.41 | |
| 3.58 | EXCERGY | | Unsecured | 8,750.00 | | | | | 8,750.00 | |
| 3.59 | EXPEDITED LOGISTICS AND | | Unsecured | 520.00 | | | | | 520.00 | |
| 3.60 | FASTENAL | | Unsecured | 496.73 | | | | | 496.73 | |
| 3.61 | FEDEX BANKRUPTCY DEPARTMENT | | Unsecured | 1,174.68 | | | | | 1,174.68 | |
| 3.62 | FEDEX FREIGHT | | Unsecured | 165.31 | | | | | 165.31 | |
| 3.63 | FERGUSON ENTERPRISES | | Unsecured | 0.00 | | | | | 0.00 | $74.10 was paid in full prior to filing. |
| 3.64 | FERGUSON WATERWORKS | | Unsecured | 2,556.20 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.65 | FERGUSON WOLSELEY | | Unsecured | 27.20 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.66 | FULHAM CO., INC. | | Unsecured | 8,076.60 | | | | | 8,076.60 | |
| 3.67 | FUSECO | | Unsecured | 35.64 | | | | | 35.64 | |
| 3.68 | FUTURE ELECTRONICS | | Unsecured | 210,525.03 | 15 | 7/6/2018 | Unsecured | 212,236.65 | 212,236.65 | |
| 3.69 | GATOR GRAPHICS | | Unsecured | 102.30 | | | | | 102.30 | |
| 3.70 | GE LIGHTING | | Unsecured | 10,905.20 | | | | | 10,905.20 | |
| 3.71 | GE LIGHTING SOLUTIONS LLC | | Unsecured | 57.60 | | | | | 57.60 | |
| 3.72 | GI CIRCUITS, INC. | | Unsecured | 61,459.08 | | | | | 61,459.08 | |
| 3.73 | GRAINGER | | Unsecured | 115.01 | | | | | 115.01 | |
| 3.74 | GREEN'S BLUE FLAME GAS CO, INC | | Unsecured | 108.28 | | | | | 108.28 | |
| 3.75 | GRIPPLE | | Unsecured | 2,715.69 | | | | | 2,715.69 | |
| 3.76 | GULF SOUTH CONTRACTING | | Unsecured | 10,700.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.78 | HOME DEPOT CREDIT SERVICES | | Unsecured | 485.03 | | | | | 485.03 | |
| 3.79 | ICON SYSTEMS | | Unsecured | 4,539.75 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.80 | IDEAL INDUSTRIES, INC. | | Unsecured | 5,068.86 | 5 | 5/7/2018 | Unsecured | 6,462.88 | 5,627.54 | The supporting invoices total $5,627.54. The fourth invoice attached was a duplicate of the third invoice. |
| 3.84 | INDUSTRIAL GLASS TECHNOLOGIES | | Unsecured | 1,448.55 | | | | | 1,448.55 | |
| 3.85 | INTEGRITY PLUMBING | | Unsecured | 18,620.00 | | | | | 18,620.00 | |
| 3.86 | INTERTEK TESTING SERVICES | | Unsecured | 58,000.00 | | | | | 58,000.00 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 3.87 | INVENTRONICS USA, INC. | | Unsecured | 54,346.37 | 16 | 7/9/2018 | Unsecured | 54,876.87 | 54,876.87 | |
| 3.88 | IOTA ENGINEERING CO. | | Unsecured | 48.00 | | | | | 48.00 | |
| 3.89 | IRON MOUNTAIN | | Unsecured | 92.69 | | | | | 92.69 | |
| 3.102 | KEELING COMPANY | | Unsecured | 517.68 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.103 | KEELING COMPANY | | Unsecured | 0.00 | | | | | 0.00 | $93,285.12 was paid prior to the filing. |
| 3.104 | KENTWOOD SPRINGS | | Unsecured | 0.00 | | | | | 0.00 | $103.33 was paid in full prior to filing. |
| 3.105 | KLARO SOLUTIONS, INC | | Unsecured | 4,791.35 | | | | | 4,791.35 | |
| 3.107 | LABSPHERE | | Unsecured | 2,917.93 | | | | | 2,917.93 | |
| 3.108 | LEGACY PAPER & PACKAGING | | Unsecured | 883.32 | | | | | 883.32 | |
| 3.109 | LEVITON MFG DEPT #05510 | | Unsecured | 2,823.50 | | | | | 2,823.50 | |
| 3.111 | LUMILEDS LLC | | Unsecured | 635.00 | | | | | 635.00 | |
| 3.112 | LUTRON ELECTRONICS CO., INC. | | Unsecured | 1,599.88 | | | | | 1,599.88 | |
| 3.116 | MAYA INTERNATIONAL | | Unsecured | 2,800.00 | | | | | 2,800.00 | |
| 3.117 | MCMASTER-CARR SUPPLY CO. | | Unsecured | 1,489.34 | 7 | 5/16/2018 | Unsecured | 1,529.16 | 1,529.16 | |
| 3.118 | MG CAPITAL MAINTENANCE | | Unsecured | 50.00 | | | | | 50.00 | |
| 3.119 | MISUMI USA | | Unsecured | 1,762.80 | | | | | 1,762.80 | |
| 3.120 | MOBILE DEMAND | | Unsecured | 0.00 | | | | | 0.00 | $75 was paid in full prior to filing. |
| 3.121 | MOBILE FASTENERS | | Unsecured | 104.04 | | | | | 104.04 | |
| 3.122 | MOBILE MODULAR PORTABLE STORAGE | | Unsecured | 0.00 | | | | | 0.00 | |
| 3.123 | MOUSER ELECTRONICS | | Unsecured | 550.00 | | | | | 550.00 | |
| 3.124 | MSC INDUSTRIAL SUPPLY CO. INC. | | Unsecured | 0.00 | | | | | 0.00 | $302.03 was paid in full prior to filing. |
| 3.125 | MUNIBILLING | | Unsecured | 366.27 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.126 | MUSTANG DELIVERY SERVICES | | Unsecured | 1,004.17 | | | | | 1,004.17 | |
| 3.127 | N J MALIN & ASSOCIATES LLC | | Unsecured | 2,929.22 | | | | | 2,929.22 | |
| 3.129 | NEWARK/element14 | | Unsecured | 398.81 | | | | | 398.81 | |
| 3.130 | NTS COMMUNICATIONS | | Unsecured | 144.98 | | | | | 144.98 | |
| 3.131 | OFFICE DEPOT CREDIT PLAN | | Unsecured | 281.65 | | | | | 281.65 | |
| 3.132 | PAC-VAN | | Unsecured | 139.44 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.133 | PACIFIC DIE CAST | | Unsecured | 0.00 | | | | | 0.00 | $78.22 was paid in full prior to filing. |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 3.134 | PEXCO, LLC - PHILADELPHIA | | Unsecured | 4,793.40 | | | | | 4,793.40 | |
| 3.135 | PHILIPS LIGHTING | | Unsecured | 0.00 | | | | | 0.00 | |
| 3.136 | PHILIPS LIGHTING ELECTRONICS | | Unsecured | 15,402.95 | | | | | 15,402.95 | |
| 3.137 | PHILIPS LIGHTING ELECTRONICS | | Unsecured | 3,468.00 | | | | | 3,468.00 | |
| 3.138 | PRAXAIR DISTRIBUTION, INC. | | Unsecured | 918.88 | 6 | 5/9/2018 | Unsecured | 4,237.76 | 4,237.76 | Claim includes: $2,400 value of leased cylinders; $517.99 post petition; $400.80 pre petition; and $918.88 A/R balance. |
| 3.139 | PRECISION MULTIPLE CONTROLS | | Unsecured | 370.00 | | | | | 370.00 | |
| 3.140 | PROTO LABS, INC. | | Unsecured | 12,499.00 | | | | | 12,499.00 | |
| 3.141 | PSI INDUSTRIES | | Unsecured | 0.00 | | | | | 0.00 | |
| 3.142 | QUILL CORPORATION | | Unsecured | 92.09 | | | | | 92.09 | |
| 3.143 | R S HUGHES COMPANY | | Unsecured | 2,948.58 | | | | | 2,948.58 | |
| 3.144 | RAY BROWN | | Unsecured | 2,000.00 | | | | | 2,000.00 | |
| 3.145 | RELIANCE METAL CENTER DIV 07 | | Unsecured | 0.00 | | | | | 0.00 | $165 was paid in full prior to filing. |
| 3.146 | REPUBLIC SERVICES | | Unsecured | 340.45 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.147 | REPUBLIC SERVICES #855 | | Unsecured | 1,577.21 | | | | | 1,577.21 | |
| 3.148 | S&S PRINTING | | Unsecured | 1,045.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.149 | SANDEE MANUFACTURING | | Unsecured | 7,420.25 | | | | | 7,420.25 | |
| 3.150 | SCIENTIFIC LIGHTING PRODUCTS | | Unsecured | 1,504.85 | | | | | 1,504.85 | |
| 3.151 | SEALCON | | Unsecured | 774.07 | | | | | 774.07 | |
| 3.152 | SHELL | | Unsecured | 253.36 | | | | | 253.36 | |
| 3.153 | SMART ELECTRIC NORTH AMERICA | | Unsecured | 68,741.96 | | | | | 68,741.96 | |
| 3.154 | SOUTHEASTERN FREIGHT LINES | | Unsecured | 5,113.62 | 17 | 7/26/2018 | Unsecured | 4,953.08 | 4,953.08 | |
| 3.155 | SOUTHERN AMERICAN INSURANCE AGENCY | | Unsecured | 0.00 | | | | | 0.00 | Claim was paid $23,833 pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72). Southern American Insurance had a balance of ($4,496) at the time of the filing. |
| 3.156 | SOUTHERN CONTAINER LTD. | | Unsecured | 1,673.28 | | | | | 1,673.28 | |
| 3.157 | SOUTHERN PIPE & SUPPLY CO., INC. | | Unsecured | 13,091.60 | | | | | 443.43 | Claim was paid  $12,648.17 pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.158 | SOUTHERN PRODUCT FINISHING | | Unsecured | 1,741.04 | | | | | 1,741.04 | |
| 3.159 | STRICTLY ELECTRICAL SOLUTIONS, LLC | | Unsecured | 15,000.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.160 | SUPER BRIGHT LEDS INC | | Unsecured | 897.86 | | | | | 897.86 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| 3.161 | SUPER ROOTER INC. | | Unsecured | 9,000.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.162 | TESSCO | | Unsecured | 3,075.98 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| | THE HARTFORD | | | | 23 | 8/20/2018 | Unsecured | 24,538.00 | 24,538.00 | Unliquidated claims based on General Indemnity Agreement as to continued exposure under the bonds based on their penal sum. Hartford reserves its right to assert priority claims for any post-petition premium payments not made by Debtor under 507(a)(2) |
| 3.163 | THE LOCAL GOVERNMENT | | Unsecured | 143.54 | | | | | 143.54 | |
| | THE TRAVELERS INDEMNITY COMPANY | | | | 20  and 21 | 8/17/2018 | Unsecured and Administrative | Unknown | Unknown | Unliquidated. Subject to adjustment as certain obligations are affected by the audit of the exposure and affected by Debtor's claims and loss experience. Reserved rights to amend claim. Portion may be entitled to priority as administrative expense under 507(a)(2).  POC#20 is filed under Debtor X-tra Light Manufacturing, Inc. and POC #21 is filed under XtraLight Manufacturing Ltd. Duplicate Claim. |
| 3.164 | THE WATTSTOPPER, INC. | | Unsecured | 825.00 | 18 | 8/7/2018 | Unsecured | 888.00 | 888.00 | |
| 3.166 | TIME WARNER CABLE | | Unsecured | 0.00 | | | | | 0.00 | $199.99 was paid prior to filing. |
| 3.168 | TMC TRANSPORTATION | | Unsecured | 2,656.36 | | | | | 2,656.36 | |
| 3.169 | TRUMPF INC | | Unsecured | 3,498.61 | | | | | 3,498.61 | |
| 3.170 | TYLER TECHNOLOGIES | | Unsecured | 26,800.00 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.171 | ULINE | | Unsecured | 328.85 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.172 | UNIVERSAL LIGHTING TECHNOLOGIE | | Unsecured | 492.30 | | | | | 492.30 | |
| 3.173 | UTILITY METALS | | Unsecured | 792.20 | | | | | 792.20 | |
| 3.174 | WAGO CORPORATION | | Unsecured | 7,750.00 | | | | | 7,750.00 | |
| 3.175 | WARRANTY RESERVE CLAIMS | | Unsecured | 0.00 | | | | | 0.00 | |
| 3.176 | WATER ENERGY | | Unsecured | 0.00 | | | | | 0.00 | $18,187 was paid prior to filing. |
| 3.177 | WATER KEY LLC | | Unsecured | 203.22 | | | | | 0.00 | Claim was paid pursuant to Order approving Motion to Pay Material Suppliers with Lien Rights (Doc. #72) |
| 3.178 | WHOLESALE ELECTRIC SUPPLY | | Unsecured | 4,590.70 | 24 | 8/23/2018 | Unsecured | 4,622.02 | 4,622.02 | |
| 3.18 | WJM POLES | | Unsecured | 180.00 | | | | | 180.00 | |
| 3.181 | XTREME GRAPHICS | | Unsecured | 845.53 | | | | | 845.53 | |
| 3.182 | YRC (RDWY) | | Unsecured | 1,023.76 | | | | | 1,023.76 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SCHEDULED AS SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT, AS AMENDED | CLAIM NUMBER | DATE CLAIM FILED | FILED AS SECURED PRIORITY UNSECURED | CLAIM AMOUNT FILED | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | TOTAL: | 1,094,881.68 | | | | | 1,038,041.59 | |

| CLAIM NUMBER | SCHEDULE NUMBER | CLAIMANT NAME | DATE CLAIM FILED | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT | CLAIM AMOUNT | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| | 3.3 | AARON DANIEL GADD | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.14 | ANTHONY NORMAN | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.28 | CHERYL ROBINSON | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.30 | CHRISTIAN HOWELL | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.44 | DAVID M WENDOWSKI | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.47 | DERRICK DAVIES | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.49 | DIANN STAFFORD | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.52 | DREW TAYLOR FRENETTE | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.77 | HERBERT WILKINSON | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.90 | ISRAEL APONTE | | CUD | Unsecured | 12,000,000.00 | | | WAGE CLAIM LITIGATION - CLAIM AMOUNT IS INCLUSIVE OF ALL CLAIMANTS IN THE LITIGATION. |
| | 3.91 | JACK ROSE | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.92 | JACYN NORFLEET | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.93 | JAMIL GIMENEZ | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.94 | JAY LEVEY | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.95 | JEREMY A GONSALVES | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.98 | JOHN MARCO RAMOS | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.99 | JOSEPH MANUEL AZEVEDO | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.100 | JULIAN JOSEPH AZEVEDO | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.101 | JULIAN P AZEVEDO | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.106 | KYLE CHEVALIER | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.110 | LINO GRACE | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.113 | MANUEL AZEVEDO | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.114 | MARTIN THOMAS FORHAN | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.115 | MATTHEW LISOWSKI | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.128 | NATANAEL ARAGON-MARTINEZ | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |

| CLAIM NUMBER | SCHEDULE NUMBER | CLAIMANT NAME | DATE CLAIM FILED | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT | CLAIM AMOUNT | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|---|---|
| | 3.165 | THOMAS J GAMBLE | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.167 | TIMOTHY GREENWELL | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | 3.179 | WILLIAM H BOUSHELL | | CUD | Unsecured | Unk | | | WAGE CLAIM LITIGATION |
| | | | | | | SETTLEMENT TOTAL: | $420,000.00 | 420,000.00 | |

| SCHEDULE NUMBER | CLAIMANT NAME | CLAIMANT ADDRESS | CONTINGENT UNLIQUIDATED DISPUTED (CUD) | SECURED PRIORITY UNSECURED | SCHEDULED AMOUNT | ALLOWED UNSECURED CLAIMED AMOUNT | NOTES |
|---|---|---|---|---|---|---|---|
| 3.12 | AMERICAN TESTING AND ASSESSMENT LABS | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | | Unsecured | 2,785.00 | | |
| 3.26 | CAY CAPITAL LLC | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | | | 94,916.90 | 94,916.90 | |
| 3.81 | ILLUMINATION CASUALTY CORP | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | | | 1,217,702.53 | 1,217,702.53 | Loan |
| 3.82 | ILLUMINATION CASUALTY CORP | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | | | 1,666,316.77 | 1,666,316.77 | Loan |
| 3.83 | ILLUMINATION CASUALTY CORP | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | | | 111,801.00 | 111,801.00 | Pro rata premiums for 3 months (estimate) |
| 3.96 | JERRY CAROOM | 8812 FREY ROAD,   HOUSTON, TX 77034-0000 | CU | | 0.00 | 0.00 | Equipment Lease - 2015 Bentley, 2013 Bentley, 2017 MB E300 |
| 3.97 | JERRY CAROOM | D/B/A XTRALIGHT SERVICES, 8812 FREY ROAD HOUSTON, TX 77034-0000 | | | 1,068,971.06 | 1,068,971.06 | Affiliate |
| | | | | TOTAL: | 4,159,708.26 | 4,159,708.26 | |